# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

PAWAN JUNEJA,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
SF-1221-15-0504-C-1

DATE: June 21, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Pawan Juneja</u>, Beverly Hills, California, pro se.

<u>Joseph Manuel Briones</u>, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which dismissed his petition for enforcement as moot. For the following reasons, we GRANT the petition for review, VACATE the compliance initial decision, and find the agency in NONCOMPLIANCE.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      On April 23, 2015, the appellant filed an individual right of action (IRA) appeal with the Board. *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-W-1, Initial Appeal File (IAF), Tab 1 at 1. On June 12, 2015, the parties entered into a settlement agreement in which the appellant agreed to withdraw his appeal in exchange for, among other things, the agency's agreement to revise his Fiscal Year (FY) 2013 Proficiency Report pursuant to explicit terms in the agreement and remove any references to the prior FY 2013 Proficiency Report from his Official Personnel File (OPF). IAF, Tab 11 at 2. As a result, the administrative judge issued an initial decision dismissing the appeal as settled. *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-W-1, Initial Decision (June 12, 2015). Neither party petitioned for review.

¶3      On June 29, 2016, after learning that the agency did not revise the FY 2013 Proficiency Report or update his OPF pursuant to the agreement's terms, the appellant filed a petition for enforcement. *Juneja v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-15-0504-C-1, Compliance File (CF), Tab 1 at 3. The appellant requested the enforcement of the settlement agreement and sanctions against the agency. *Id.*

¶4      In response to the petition for enforcement, the agency acknowledged that it failed to update the revised FY 2013 Proficiency Report in the appellant's OPF but claimed that it was a technical oversight. CF, Tab 6 at 4. It asserted that it had corrected the FY 2013 Proficiency Report in a timely manner but that it failed to upload the document to the appellant's OPF. *Id.* It also asserted that it uploaded the report to the appellant's OPF on July 1, 2016, after he filed his petition for enforcement. *Id.* at 5. The agency provided documentation to support its assertions. *Id.* at 7-12.

¶5      In the compliance initial decision, the administrative judge dismissed the appellant's petition for enforcement as moot. *Juneja v. Department of Veterans*

*Affairs*, MSPB Docket No. SF-1221-15-0504-C-1, Compliance Initial Decision (CID). She found that, although the appellant's frustration concerning the agency's delay in complying with the settlement agreement was reasonable, the agency submitted credible documentation to support its assertion of full compliance with the settlement agreement. CID at 4. She also denied the appellant's request for sanctions. CID at 3.

¶6        The appellant has filed a petition for review, the agency has responded in opposition, and the appellant has replied to the agency's opposition. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        A settlement agreement is a contract, and the Board will adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). When, as here, an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Id.* The ultimate burden, however, remains with the appellant, as the party seeking enforcement, to prove breach by a preponderance of the evidence. *Id.*

¶8        On review, the appellant's primary challenge to the compliance initial decision is the administrative judge's failure to address his argument that the revised FY 2013 Proficiency Report contains harmful information that constitutes a breach of the settlement agreement. PFR File, Tab 1 at 3-4, Tab 4 at 3; CF, Tab 11. Pursuant to the agreement, the agency agreed to make certain revisions to the FY 2013 Proficiency Report, including allowing the appellant to submit a written comment for attachment to the report in his OPF. IAF, Tab 11 at 2. Upon review of the evidence that the agency submitted in support of its compliance, however, it appears that it uploaded to the appellant's OPF the written comment that he attached to his petition for enforcement, and not the written comment that

he supplied to the agency pursuant to the agreement's terms. CF, Tab 6 at 9. As a result, the uploaded copy of the appellant's written comment contains the Board's e-Appeal information concerning the document, including the pleading number and the 2016 submission date. *Id.* The appellant argues that the agency has breached the agreement because, by uploading the document containing the Board's e-Appeal information to his OPF, the agency revealed that the FY 2013 Proficiency Report was the subject of a Board appeal. PFR File, Tab 1 at 3-4, Tab 4 at 3. The appellant claims that he would be "better off" without the written comment uploaded by the agency because of the harmful information it contains. PFR File, Tab 4 at 3.

¶9      A breach of a settlement agreement is material when it relates to a matter of vital importance or goes to the essence of the contract. *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 11 (2011). In his IRA appeal, the appellant identified the FY 2013 Proficiency Report as the personnel action that the agency took against him in retaliation for making several protected disclosures. IAF, Tab 1 at 5. The settlement agreement specifically called for the agency to revise the report and remove all references to the prior report from his OPF. IAF, Tab 11 at 2. Therefore, we find that the essence of the contract was a clean record regarding the FY 2013 Proficiency Report and that, by alerting anyone who reads the report that it was the subject of a Board appeal, it essentially negates the benefit of his bargain. *See King v. Department of the Navy*, 130 F.3d 1031, 1033−34 (Fed. Cir. 1997). Accordingly, we find that the inclusion of the e−Appeal information on the appellant's written comment constitutes a material breach of the agreement. *See, e.g.*, *Kitt*, 116 M.S.P.R. 680, ¶¶ 2–3, 9, 11 (finding that the agency materially breached a settlement agreement by retaining a record of the appellant's removal despite a provision in the agreement requiring it to change the removal to a 30‑day suspension). Because we find that the agency breached a material provision of the settlement agreement, the appellant is not

required to establish that the breach caused him actual harm. *See Mullins v. Department of the Air Force*, [79 M.S.P.R. 206](#), ¶ 13 (1998) (explaining that the breach was material not because it resulted in a monetary loss but because the breached provision was material to the agreement).

¶10 When one party commits a material breach of a settlement agreement, the other party ordinarily is entitled either to enforce the settlement agreement or to rescind it and to reinstate his appeal. *Kitt*, [116 M.S.P.R. 680](#), ¶ 12. Here, the appellant seeks enforcement of the agreement. CF, Tab 1 at 3; PFR File, Tab 1 at 6. Accordingly, we order the agency to remove the copy of the appellant's written comment from his OPF that it uploaded initially and replace it with a clean copy of his written comment; that is, a copy that does not include the Board's e-Appeal information.

¶11 The appellant again seeks the imposition of sanctions against the agency for its failure to comply with the settlement agreement. PFR File, Tab 1 at 6. We find, however, that sanctions are not warranted at this time. *See, e.g.*, *Mercado v. Office of Personnel Management*, [115 M.S.P.R. 65](#), ¶ 8 (2010).

¶12 Because we have found the agency in noncompliance, the agency is directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the

compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.[2]

## ORDER

¶13      We ORDER the agency to submit to the Clerk of the Board within 45 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it removed the appellant's written comment from his OPF and replaced it with a clean copy, as set forth above. The agency must serve all parties with copies of its submission.

¶14      **The agency's submission should be filed under the new docket number assigned to this compliance referral matter, MSPB Docket No. SF-1221-15-0504-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653–7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions also may be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶15      The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

---

[2] The subsequent decision may incorporate the analysis and findings set forth in this Order.

¶16     The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶17     This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.